# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KERRY BROWN, SR.,                          )
                                       )
    Petitioner,             )
                                       )
v.                                         )          No. 4:08-CV-1759 CAS
                                       )
UNITED STATES PAROLE                       )
COMMISSION,                                )
                                       )
    Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241. Petitioner has been detained by respondent for parole revocation proceedings

under the Parole Commission and Reorganization Act ("Parole Act"), 18 U.S.C. §§ 4201-4218

(1984).[1] Petitioner claims that respondent has denied his rights to due process because respondent

failed to provide him with a copy of the probable cause determination and failed to hold a timely

hearing.

The Court ordered respondent to respond to the petition. In its response, respondent claims

that petitioner's assertions are "factually erroneous."[2] Specifically, respondent claims that petitioner

---

[1]The Parole Act was repealed effective November 1, 1987. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 218(a)(5), 235(b)(1)(A), 98 Stat. 1837, 2027 (1984). The law remains in effect, however, as to any individual who committed an offense before November 1, 1987. See Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, § 2(a), 110 Stat. 3055, 3055 (1996). Petitioner was convicted in 1986. See United States v. Brown, No. 4:86-CR-100 GFG (E.D. Mo.).

[2]Normally, a prisoner must exhaust administrative remedies before bringing a § 2241 case against the Parole Commission. See, e.g., Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Respondent expressly waived this requirement, however, by failing to address it in its response. Patton-Bey v. Haley, 2007 WL 1266356, *9 (S.D. Ala. Apr. 30, 2007).

was granted a probable cause determination, that petitioner is represented by counsel, and that a final revocation hearing was to occur on January 16, 2009. Respondent says, "The facts recited above have been independently confirmed to the undersigned attorney in phone conversations with [petitioner's counsel, petitioner's parole officer, and an agent of the] U.S. Parole Commission in the State of Maryland." Respondent, however, provided no evidence to back up its assertions.

Respondent's response to the petition is lacking. Respondent may not refute factual allegations in a pleading without introducing evidence. As a result, the Court will order respondent to supplement its response to the petition.

Respondent is directed to file a supplemental response to petitioner's petition. The supplemental response shall indicate whether the final revocation hearing took place as scheduled and the results, if any. Any factual statements in the response must be supported by admissible evidence, and respondent may attach any admissible evidence that supports its initial response. Additionally, the response must address whether any jurisdictional issues exist, as stated in <u>Jones v. U.S. Bureau of Prisons</u>, 903 F.2d 1178 (8th Cir. 1990). The supplemental response shall be filed no later than eleven days from the date of this Order. If petitioner wishes to file a supplemental reply brief, he must do so within ten days of the filing of the supplemental response.

Accordingly,

**IT IS HEREBY ORDERED** that respondent shall file its supplemental response to the petition, in accordance with the terms of this Order, **no later than eleven (11) days from the date of this Order**.

**IT IS FURTHER ORDERED** that petitioner shall file any supplemental reply brief **no later than ten (10) days after the filing of the supplemental response**.


                                                                          **CHARLES A. SHAW**
                                                                          **UNITED STATES DISTRICT JUDGE**


Dated this  12th  day of March, 2009.