UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERRY BROWN, SR., | ) |
| Petitioner, | ) |
| v. | ) No. 4:08-CV-1759 CAS |
| UNITED STATES PAROLE COMMISSION, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion for temporary restraining order and "motion for modification of the time limit." Both motions will be denied.

Petitioner has been detained by respondent for parole revocation proceedings under the Parole Commission and Reorganization Act ("Parole Act"), 18 U.S.C. §§ 4201-4218 (1984).[1] In his petition, petitioner claims that respondent has denied his rights to due process because respondent failed to provide him with a copy of the probable cause determination and failed to hold a timely hearing.

In his motion for temporary restraining order, petitioner claims that the officers at Ste. Genevieve County Jail are harassing him in retaliation for pursuing this case. Petitioner claims that they have put him in lock down and have confiscated his legal materials.

---

[1]The Parole Act was repealed effective November 1, 1987. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 218(a)(5), 235(b)(1)(A), 98 Stat. 1837, 2027 (1984). The law remains in effect, however, as to any individual who committed an offense before November 1, 1987. See Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, § 2(a), 110 Stat. 3055, 3055 (1996). Petitioner was convicted in 1986. See United States v. Brown, No. 4:86-CR-100 GFG (E.D. Mo.).

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citation omitted). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the petition. Consequently, the motion for temporary restraining order will be denied.

In his "motion for modification of the time limit" petitioner complains that the conditions of his confinement are deplorable. Petitioner seeks an expedited ruling in this case and an order directing prison officials to transfer petitioner to a facility controlled by the United States Bureau of Prisons. The Court will deny the motion for an expedited ruling because the Court will, in a separate order, direct that respondent supplement its response to the petition. The Court will deny the request for an order of transfer because the Court does not have the authority to tell the Bureau of Prisons where to house its prisoners.

If petitioner wishes to bring an action challenging his conditions of confinement, he must do so in an action under 42 U.S.C. § 1983. The Court will order the Clerk to mail petitioner a copy of the Court's form prisoner civil rights complaint and form motion to proceed in forma pauperis, in case petitioner wishes to bring such an action.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for temporary restraining order is **DENIED**. [Doc. 3]

**IT IS FURTHER ORDERED** that petitioner's "motion for modification of the time limit" is **DENIED**. [Doc. 10]

**IT IS FURTHER ORDERED** that the Clerk shall mail to petitioner a copy of the Court's form prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to petitioner a copy of the Court's form motion to proceed in forma pauperis – prisoner cases.

              /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of March, 2009.