**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KERRY BROWN, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1759 CAS |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which is fully briefed including supplemental responses by the respondent and replies thereto by the petitioner. For the following reasons, the petition will be denied.

**Background**

In 1986, a jury found Brown guilty of robbing a federally insured credit union, using a firearm during the robbery, and transporting stolen money in interstate commerce. Brown v. United States, 68 F.3d 478 (8th Cir. 1995). On December 5, 1986, this Court sentenced Brown to an aggregate term of imprisonment of thirty years. United States v. Brown, No. 4:86-CR-100 GFG (E.D. Mo.). At the time petitioner was sentenced, he was eligible for parole under 18 U.S.C. § 4205(b)(2) at such time to be determined by the Parole Commission.[1] Id. Petitioner was released on April 16, 2004, "as

---

[1] Title 18 U.S.C. § 4205 is part of the Parole Commission and Reorganization Act ("Parole Act"), 18 U.S.C. §§ 4201-4218 (1984). The Parole Act was repealed effective November 1, 1987. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 218(a)(5), 235(b)(1)(A), 98 Stat. 1837, 2027 (1984). The law remains in effect, however, as to any individual who committed an offense before November 1, 1987. See Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, § 2(a), 110 Stat. 3055, 3055 (1996). Because petitioner was convicted in 1986, the Parole Act controls this case.

if on parole." See 18 U.S.C. § 4164 (repealed).[2] Petitioner was to remain under supervision until October 17, 2015.

On July 6, 2008, U.S. Probation Officer ("USPO") Marty Thurman advised the Parole Commission that petitioner had tested positive for marijuana, had missed numerous appointments to submit urinalysis samples, and was in noncompliance with the drug treatment program. On July 15, 2008, the Parole Commission issued a warrant for petitioner for violating the conditions of his release.

On August 7, 2008, the U.S. Marshal, Eastern District of Missouri, executed the Commission's warrant and took petitioner into custody. On August 8, 2008, the Parole Commission requested that the U.S. Probation Office, Eastern District of Missouri, conduct a preliminary interview to aid in determining whether there was probable cause to believe that petitioner violated the conditions of parole. After some delay, which was partially attributable to a scheduling conflict with petitioner's attorney, the preliminary interview was conducted on August 25, 2008.

On September 16, 2008, the Commission advised petitioner that it had found probable cause to believe that he had violated the conditions of release by using drugs, violating the special drug aftercare condition, and violating the special Community Corrections Center ("CCC") condition. The Commission also advised petitioner that he was eligible for an "expedited revocation procedure" if he was willing to accept responsibility for his violations, waive his right to a revocation hearing, and consent to revocation on the record. The Commission advised petitioner that if he did consent, then

---

[2] 18 U.S.C. § 4164 is applicable to offenders sentenced prior to November 1, 1987. Pub. L. 98-473 § 235(b)(1)(B).

2

it would revoke his parole, and grant reparole on August 5, 2009, after he had served 12 months in custody. Otherwise, he would be scheduled for an in-person hearing under normal procedures.

On September 29, 2008, petitioner's appointed counsel advised the Parole Commission that he had been unable to discuss the proposal with petitioner and requested a two-week extension to respond. On November 14, 2008, counsel advised the Parole Commission that petitioner had rejected the Commission's proposal.

On December 4, 2008, the Parole Commission again informed petitioner that it had found probable cause to believe he had violated the conditions of parole, and it further advised him that it would be conducting a revocation hearing at which USPO Thurman would appear as an adverse witness. The Commission advised petitioner of the charges that would be considered at the hearing and also attached a packet of information to be considered by the Parole Commission. The Commission stated that petitioner would receive notice of the date and time of the hearing at a later date.

On January 7, 2009, the Parole Commission advised petitioner's counsel in writing that the revocation hearing was scheduled for January 16, 2009, at 10:00 am at the St. Genevieve County Jail. On January 16, 2009, Hearing Examiner Paul Howard conducted petitioner's revocation hearing. Howard subsequently dictated a summary of the case, which was typed and forwarded to a second hearing examiner for review. As a result of the hearing, the Commissioner revoked petitioner's parole. On March 23, 2009, the Commissioner found that petitioner had used dangerous drugs and had violated two special conditions of parole, drug aftercare and residence in a Community Corrections Center. The Commissioner ordered that petitioner be confined for a period of fourteen

months, including those months he had already been confined. The potential range of time to be served was from twelve to sixteen months.

**Discussion**

Petitioner claims that respondent denied his rights to due process because he was never given a preliminary interview, because he was never provided with notice of a probable cause finding, and because he was not given a timely hearing in accordance with requirements of the Parole Act. Petitioner also claims that respondent did not take into account petitioner's evidence when it rendered its decision revoking his parole, and petitioner claims that respondent's decision to revoke his parole was not supported by evidence.

1. <u>Petitioner's Claims that he was Never Given a Preliminary Interview and that he Was Not Provided With Notice of a Probable Cause Finding are Without Merit</u>

Petitioner claims that his right to due process was violated because he was never given a preliminary interview and because he was never provided with notice of a probable cause finding. Petitioner also claims that he was never given anything in writing to indicate appointment of counsel. These claims are all refuted by respondent's evidence.

Respondent's evidence shows that petitioner was given a preliminary interview on August 7, 2008. The purpose and scope of the interview were explained to petitioner. Additionally, a CJA-22 Appointment of Counsel form was given to petitioner. Petitioner signed the form and it was forwarded to this Court; the Federal Public Defender was appointed to represent petitioner. Respondent's evidence further shows that petitioner's counsel reviewed respondent's revocation proposal with petitioner and that petitioner requested a local hearing. As a result, petitioner is not entitled to relief on these claims.

4

## 2. Petitioner is Not Entitled to Relief Based Upon Delays in Statutory Deadlines

When a parolee is taken into custody based upon the Parole Commission's warrant, a preliminary interview is conducted by a U.S. Probation Officer to assist the Commission in determining whether there is probable cause to believe that the parolee violated the conditions of parole. See 18 U.S.C. § 4214(a)(1)(A). The parolee is to be informed of the probable cause finding within a "reasonable period of time." Id. The Parole Commission requires notification of the probable cause finding within twenty-one days of the preliminary interview. See 28 C.F.R. § 2.48(d)(2). Where the parolee denies the charges on the warrant application, a local revocation hearing is required to be conducted within sixty days of the determination of probable cause. See 18 U.S.C. § 4214(a)(1)(B). Once the Commission has conducted the revocation hearing, the Commission is required to provide the parolee with written notice of its decision within twenty-one days of the hearing. See 18 U.S.C. § 4214(e).

The deadlines in the Parole Act are statutory deadlines; they are not rights guaranteed by the Due Process Clause. Cf. Greenholtz v.. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations. This is especially true with respect to the sensitive choices presented by the administrative decision to grant parole release.").

When the Commission fails to strictly observe the deadlines under the Parole Act, prejudice must be shown before a habeas petitioner may be entitled to relief. See United States v. Horn Bear, 887 F.2d 897, 898-90 (8th Cir. 1989) (strict compliance with Parole Act deadlines not required);

Kartman v. Parratt, 535 F.2d 450, 455 (8th Cir. 1976) (where there has been a delay in the parole revocation hearing, the reasonableness of the delay must be balanced against any prejudice to the parolee). The burden of proof is on petitioner to demonstrate that he has been prejudiced by the delay by showing that it has impaired his ability to contest the violation or has had an adverse effect on his ability to present witnesses or favorable information at his revocation hearing. See White v. U.S. Parole Comm'n, 856 F.2d 59, 61 (8th Cir. 1988) (offender must allege that the Commission's action had prejudiced his ability to contest the charges or present mitigating information); Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 845 (9th Cir. 1983) ("In order to make out a constitutional claim, [petitioner] must show that the delay in the parole revocation hearing was both unreasonable and prejudiced his rights"). In this action, petitioner has failed to introduce any evidence showing that he was prejudiced by the delays in the parole revocation process. Additionally, the delays were partially attributable to petitioner's counsel. As a result, petitioner has failed to demonstrate that his right to due process was violated by the delay in holding the revocation hearing.

Absent a showing of prejudice, the appropriate remedy for a violation of § 4214 is a writ of mandamus to compel the Parole Commission to conduct a revocation hearing. See Berg v. U.S. Parole Comm'n, 735 F.2d 378, 379 (9th Cir. 1984); c.f. Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990) (the appropriate remedy for the Parole Commission's failure to comply with federal regulations and give the petitioner a parole hearing is to require the Commission to give the petitioner a hearing at the earliest possible date, not to order the petitioner's release). Where the Parole Commission has already held a revocation hearing, the petitioner is not entitled to any further relief. Smith v. United States, 577 F.2d 1025, 1029 (5th Cir. 1978) ("Since [petitioner] has already had a revocation hearing, he is therefore not entitled to any further relief."). In this case, respondent

6

conducted petitioner's revocation hearing on January 16, 2009, after petitioner filed this case but before it was fully briefed. As a result, petitioner's claim regarding the delay in holding his revocation hearing is moot.

### 3. The Court Does Not Have Jurisdiction to Review the Substantive Decisions of the Parole Commission

To the extent that petitioner is seeking review of the substantive decisions of the Parole Commission – including the manner in which the Commission considers evidence in a revocation hearing, the factual findings of the Commission, or the Commission's determination to continue or revoke parole – this Court lacks subject matter jurisdiction over such claims. E.g., Wajida v. United States, 64 F.3d 385, 388 (8th Cir. 1995) ("A Parole Commission decision is substantive, and hence unreviewable, if it involves the exercise of judgment among a range of possible choices or options."); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1183 (8th Cir. 1990) ("pursuant to § 4218(d) we do not have jurisdiction to review the substantive decisions of the Commission to grant or deny parole."). As a result, the Court may not consider whether the Parole Commission's decision to revoke petitioner's parole was correct, nor does the Court have jurisdiction to decide whether the Commission correctly weighed the evidence. Petitioner is not entitled to relief on this ground.

For these reasons, petitioner is not entitled to a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of mandamus is **DENIED**.

[Doc. 13]

    A separate Judgment shall be filed with this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of April, 2009.